**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: Piotr Palider | ) | |
| | ) | |
| | ) | 20-01796 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Timothy Barnes |

**NOTICE OF MOTION**

To:   SEE ATTACHED SERVICE LIST

Please take notice that on **March 10, 2020** at the hour of **10:00 a.m.**, or soon thereafter, I shall appear before the Honorable Timothy A. Barnes, in Courtroom 744 in the Dirksen Building, 219 S. Dearborn, Chicago, Illinois, 60604 and shall then and there present **6PC Justice Lake LLC's MOTION FOR RELIEF FROM STAY,** a copy of which was electronically filed using the CM/ECF system on March 2, 2020.

/S/J. Cory Faulkner
**J. CORY FAULKNER**
Attorney for 6PC Justice Lake LLC
217 N. Jefferson St., Suite 601
Chicago, Illinois 60661
312.655.0800 / Atty. No.: 6275891
jrs@ashenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2020, I electronically filed this Notice and *Motion for Relief from Stay* with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois, by using the CM/ECF system. I certify that Debtor's Counsel in the case is a registered CM/ECF user and service was accomplished by the CM/ECF system on March 2, 2020. I further certify that a copy of this Notice and *Motion for Relief from Stay* was mailed first class, postage paid, on March 2, 2020 to all parties on the attached Service List. Under penalties provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements made herein are true and correct.

/S/J. Cory Faulkner
**J. Cory Faulkner**
Attorney for 6PC Justice Lake LLC

# **SERVICE LIST**

*Debtor:*
Piotr Palider
9650 S. Nottingham Ave.
Unit 2F
Chicago Ridge, IL 60415

*Debtors' Attorney:*
Ben L Schneider
Schneider & Stone
8424 Skokie Blvd.
Suite 200
Skokie, IL 60077

*U.S. Trustee:*
Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

Bank of America
PO Box 982238
El Paso, TX 79998

Citicards Cbna
Po Box 6217
Sioux Falls, SD 57117

First Merchants Bank
200 E Jackson St
Muncie, IN 47305

Hyundai Lease Titling Trust
PO Box 20825
Fountain Valley, CA 92728

Lincoln Financial
PO Box 6508
Mesa, AZ 85216-6508

Platinum Property Holdings Incorporated
5235 W. Lake St.
Chicago, IL 60644

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: Piotr Palider | ) | |
| | ) | |
| | ) | 20-01796 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

The Movant, **6PC Justice Lake LLC** (hereinafter "Movant"), through its attorneys, Ashen|Faulkner, hereby moves this Honorable Court to enter an order, pursuant to 11 U.S.C. §362(d), for relief from the stay imposed in this matter to allow Movant to take possession and control of the Collateral listed herein, and in support thereof Movant states as follows:

### I.  Statement of Facts

1. Movant is a real estate investment company with its principal office located in Chicago, Illinois.

2. On or about November 30, 2011, Piotr Palider ("Debtor") executed a Promissory Note ("Note-1") with Movant's predecessor in interest, First Merchants Bank ("First Merchants"). A true and correct copy of Note-1 is attached hereto as **Exhibit A.**

3. On or about November 30, 2011, to secure Note-1, Debtor executed a Mortgage ("Mortgage-1") to First Merchants on the following property located at 8141 W. 84th Place, Justice, IL ("Property"):

THE WEST 300 FEET OF LOT 1 IN BLOCK 7 (EXCEPT THAT PART LYING SOUTHWESTERLY OF A LINE DRAWN FROM A POINT ON THE NORTH LINE OF SAID LOT 26.81 FEET EAST OF THE NORTHWEST CORNER THEREOF TO A POINT ON THE SOUTH LINE OF SAID LOT, 157.37 FEET EAST OF THE SOUTHWEST CORNER THEREOF) IN FREDERICK H. BARTLETT'S GOLFVIEW, BEING A SUBDIVISION OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 38 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

A true and correct copy of Mortgage-1 is attached hereto as **Exhibit B.**

4. Subsequently, on or about September 17, 2014, Debtor executed a second Promissory Note ("Note-2") with First Merchants. A true and correct copy of Note-2 is attached hereto as **Exhibit C.**

5. On or about September 17, 2014, to secure Note-2, Debtor executed a Mortgage ("Mortgage-2" and collectively with Note-2, Note-1, Mortgage-1, and other documents evidencing the loans associated therewith, "Loan Documents") to First Merchants on the same Property located at 8141 W. 84th Place, Justice, IL described above. A true and correct copy of Mortgage-2 is attached hereto as **Exhibit D.**

6. On June 15, 2018, Debtor defaulted on the Note for failing to make payment of principal, interest and escrow, as required by the Loan Documents.

7. Due to the Debtor's default, First Merchants filed for foreclosure against the Property on September 13, 2018.

8. On December 10, 2018, the Court appointed a receiver to, *inter alia*, (i) manage and maintain the Property, (ii) collect rent, and (iii) market and attempt to sell the Property. A true and correct copy of the Order Appointing Receiver is attached hereto as **Exhibit E**.

9. Upon takeover, the Receiver stated that the Property was in very bad condition, had not been well maintained, and needed much repair. Additionally, Debtor refused to comply with the requests of the Receiver for Debtor to provide leases for the Property. See page 1 of the Amended First Report of Receiver attached hereto as **Exhibit F**.

10. On November 12, 2019, a Judgment of Foreclosure and Sale was entered against Debtor in favor of First Merchants. A true and correct copy of the Judgment of Foreclosure and Sale is attached hereto as **Exhibit G**.

11. On or about November 22, 2019, First Merchants assigned its rights under the Notes and Mortgages to Justice Lake Note Buyer, LLC. A true and correct copy of the Allonges are attached hereto as **Exhibit H**.

12. Subsequently, on or about November 26, 2019, the Mortgages and Notes were assigned to Movant. True and correct copies of the Assignment of Mortgages and the Allonges are attached hereto as **Exhibit I**.

13. Currently, only 11 of the 19 Units in the Property are occupied, with three evictions pending and two more "on file with attorney". In January, the Property's net income was a loss of $6,743.39. *See* attached Fourth Receiver's Report attached hereto as **Exhibit J**.

14. The 2018 property taxes were $24,386.60 ($2,032.22/month), and the 2019 first installment of taxes in the amount of $13,412.63 is due on March 3, 2020. A true and correct copy of the outstanding tax bill is attached hereto as **Exhibit K**.

15. The annual insurance premium for the Property is $11,705 ($975.42/month). See the affidavit of the Movant's representative ("Movant's Affidavit") attached hereto as **Exhibit L.**

16. The Property was also recently broken into and vandalized. *See* paragraph 6 of the Movant's Affidavit.

17. The balance due and owing Movant from Debtor under the Loan Documents as of November 12, 2019 was $2,502,179.57. Interest continues to accrue at $343.52/day ($10,305.60/month).

18. The Property requires an investment of $66,500 to $114,000 to rehabilitate the Units in order to effectively market them. Additionally, work required for the parking pads and the garage would require an investment of another $60,000 to $100,000. *See* paragraphs 4 and 5 of the Movant's Affidavit.

19. Per the Debtor's filed schedules, Debtor's monthly income is $1,800.00.

20. The Property is worth approximately $1,190,000.00. See the Appraisal attached hereto as **Exhibit M** at page 10.

## II. Statement of Law

21. Pursuant to Section 362(d) the Court will grant a creditor relief from the automatic stay:

    "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization"

    11 U.S.C. §362(d).

22. "A debtor has no equity in the property for the purposes of section 362(d)(2) when the debts secured by liens on the property exceed the value of the property." *In re: Nicholas J. Stincic*, 559 B.R. 890, 898 (W.D. Wis. 2016).

23. A party is deemed to be inadequately protected if the collateral is depreciating in value, and the secured creditor is not receiving cash payments at least equal to the amount by which the collateral is depreciating. *United States Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 (1988).

## III. Argument

24. The Property is over $1,300,000 under water. The Property is only 58% occupied with multiple evictions pending, operated at a significant loss in January, requires an investment of approximately $150,000 to effectively market the Property, and is accruing monthly carrying costs that the Debtor cannot afford to pay. Given the foregoing, the Debtor cannot

provide adequate protection payments. Additionally, as the Property is operating at a significant net loss, not only is the Property not necessary for the Debtor's effective reorganization, it is a hindrance thereon.

**A. There is no equity in the Property, and the stay must be modified.**

25. The value of the Property is approximately $1,190,000, and Debtor remains liable for an amount in excess of $2,502,179.57. Because Debtor's obligation under the Mortgage outweighs the fair market value of the Property, Debtor has no equity in the Property.

26. Additionally, Debtor has not made a payment on the secured debt since May 2018, further evidencing Debtor's lack of equity in the Property. *See Federal National Mortgage Association v. Dacon Bolingbrook Associates Limited Partnership*, 153 B.R. 204, 208 (N.D. Ill. 1993).

27. Since the Movant can prove Debtor's lack of equity in the Property, the burden shifts to Debtor, as "the party opposing relief from the automatic stay has the burden of proof on all other issues." *Id.* (citing 11 U.S.C § 362(g)(1)). These other issues include proving that adequate protection exists for any significant diminution in the value of collateral. *Id.*

**B. Debtor lacks the financial ability to make adequate protection payments.**

28. The Debtor has a stated monthly income of $1,800.00. The Property itself is dealing with a disproportionately high number of vacancies and operating at a substantial deficit, which will likely only get worse over time.

29. Debtor's total monthly income is insufficient to pay even the equivalent of one month's real estate taxes of $2,235.38 and barely sufficient to pay one month's insurance liability of $975.42.

30. The Debtor has no ability to pay the current debt service of $10,305.60/month.

31. Considering only the outstanding 2019 tax bill and the requested, but not yet confirmed,

Receiver's Costs and Fees related to the Fourth Report, Debtor would need to make an immediate payment of $18,849.99 ("Initial Protection Payment").

32. Notwithstanding the debt service, insurance payments, or maintenance required on the Property, Debtor has demonstrated no ability to obtain the necessary $18,849.99+, especially considering the fact that the Property is losing money.

33. The Debtor lacks the financial wherewithal to provide adequate protection payments to Lender, and the stay must be lifted to allow Movant to complete the foreclosure.

**C. The Property is a hindrance on the Debtor's ability to successfully reorganize.**

34. The Property is a liability. It is not only unnecessary for the successful reorganization of Debtor, it is a hindrance on the Debtor's ability to successfully reorganize.

35. The Property is operating at a significant deficit, particularly when factoring in debt service. As there is no income from the Property, it does not aid in the Debtor's reorganization.

36. As noted above, the Debtor would need to invest over $150,000 to make the Property effectively marketable. Debtor has provided no evidence that it can obtain those funds in a reasonable time, if at all.

37. Upon information and belief, the Property is the Debtor's only asset. With the Property operating at significant deficit, Debtor has no reasonable possibility of a successful reorganization.

38. The Debtor's inability to present a "reasonable possibility of a successful reorganization within a reasonable time" is an additional basis to modify the stay. *In re Mayslake Village-Plainfield Campus, Inc.*, 441 B.R. 309, 324 (2010) (citing *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375-76 (1988)).

39. Given the absence of income, the continuing operating expenses the Property, and extensive

investment needed to restore the Property, the Property it is not only unnecessary for the Debtor's effective reorganization, it is a *hindrance* on the Debtor's attempted reorganization. Therefore, the stay must be lifted, and Movant should be allowed to proceed with the foreclosure.

**D. Debtor filed the instant Bankruptcy solely for the purpose of delaying the foreclosure.**

40. In addition to the above, "[l]ack of good faith in filing a Chapter 11 petition is adequate cause for . . . relief from stay under 11 U.S.C. section 362(d)(1)." *In re MGN Co., III*, 116 B.R. 654, 657 (S.D. Ind. 1989).

41. "Certain factors tend to recur in cases where good faith is an issue, including . . . 6. The petition was filed on the eve of foreclosure." *Id.*

42. Here, foreclosure was filed on September 13, 2018, and Movant was granted a judgment of foreclosure and sale from Illinois state court on November 12, 2019. However, the bankruptcy petition was not filed by Debtor until January 21, 2020, the day before the Foreclosure sale was scheduled to take place.

43. It is Movant's contention that Debtor filed its petition for the sole purpose of avoiding the foreclosure sale.

44. For the reasons set forth above and pursuant to 11 U.S.C. §362(d), this Honorable Court must modify the automatic stay, and allow Movant possession of the Property.

**WHEREFORE,** the Movant, **6PC Justice Lake LLC,** prays that this Honorable Court enter the following Order:

A. Enter an Order Modifying the Automatic Stay and grant Movant the right to enforce its rights under the Loan Documents and complete the pending foreclosure to recover the Property commonly known as the following:

THE WEST 300 FEET OF LOT 1 IN BLOCK 7 (EXCEPT THAT PART LYING SOUTHWESTERLY OF A LINE DRAWN FROM A POINT ON THE NORTH LINE OF SAID LOT 26.81 FEET EAST OF THE NORTHWEST CORNER THEREOF TO A POINT ON THE SOUTH LINE OF SAID LOT, 157.37 FEET EAST OF THE SOUTHWEST CORNER THEREOF) IN FREDERICK H. BARTLETT'S GOLFVIEW, BEING A SUBDIVISION OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 38 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PIN: 18-35-407-001-0000
Common Address: 8141 W. 84th Place, Justice, IL

B. In the event that the Court does not lift the Automatic Stay, it is requested that the Court Order the Debtor to provide evidence of insurance on the Property, and pay Movant adequate protection payments in the amount of, minimally, $18,849.99 instanter;

C. For such other relief as the Court deems just and equitable.

        Respectfully submitted,
        **6PC Justice Lake LLC,**

        By: /s/ J. Cory Faulkner
            Attorney for Plaintiff

J. Cory Faulkner
Ashen|Faulkner
217 N. Jefferson St., Ste. 601
Chicago, IL  60661
(312) 655-0800
ARDC No. 6289457
jcf@ashenlaw.com