IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| PIOTR PALIDER, | ) | CASE NO. 20-01796 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **Monday, April 20, 2020** at the hour of **1:00 p.m.**, the United States Trustee for the Northern District of Illinois, by and through his attorney Stephen G. Wolfe, shall appear *telephonically,* in accordance with Amended General Order 20-03, before the Honorable Timothy A. Barnes, Bankruptcy Judge, in Courtroom 744, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois or before any other Bankruptcy Judge who may be sitting in his place, and shall present and request an immediate hearing on the **MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 AND SHORTEN NOTICE,** a copy of which is attached hereto and is herewith served upon you.

**PURSUANT TO THE COURT'S AMENDED GENERAL ORDER 20-03, FOUND AT https://www.ilnb.uscourts.gov/sites/default/files/general-ordes/Gen-Ord-20-03.pdf, ANY PARTY THAT OBJECTS TO THIS MOTION AND WANTS IT CALLED FOR HEARING IN OPEN COURT MUST FILE A NOTICE OF OBJECTION NO LATER THAN TWO (2) BUSINESS DAYS BEFORE THE PRESENTMENT DATE. A NOTICE OF OBJECTION NEED ONLY SAY THAT THE RESPONDENT OBJECTS TO THE MOTION. NO REASONS NEED TO BE GIVEN FOR THE OBJECTION.**

/s/ *Stephen G. Wolfe*
Stephen G. Wolfe, Attorney
Office of the U.S. Trustee
219 S. Dearborn St., Room 873
Chicago, Illinois 60604
(312) 886-7480

**CERTIFICATE OF SERVICE**

I, Stephen G. Wolfe, an attorney, state that on April 9, 2020, pursuant to Local Rule 9013-1(D) the **Notice of Motion** and **Motion To Convert Chapter 11 Case to Chapter 7 and Shorten Notice** were filed and served on all parties, either via the Court's Electronic Notice for Registrants or via U.S. First Class Mail, prepaid, as indicated below.

/s/ *Stephen G. Wolfe*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- Joseph C Faulkner    jcf@ashenlaw.com, bgipson@ashenlaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Carole G. Ruzich    carole@griffingallagher.com
- Ben L Schneider    ben@windycitylawgroup.com, mstone@windycitylawgroup.com;ebrandes@windycitylawgroup.com

**Parties Served via First Class Mail:**

*See Attached Declaration of Mailing/Certificate of Service*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| PIOTR PALIDER, | ) | CASE NO. 20-01796 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

## MOTION TO CONVERT
## CHAPTER 11 CASE TO CHAPTER 7 AND SHORTEN NOTICE

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by his attorney, Stephen G. Wolfe, and pursuant to §§ 1112(b) and (e) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Code"), moves this Court for entry of an order shortening notice to that given and converting the Chapter 11 case of PIOTR PALIDER (the "Debtor") to a case under Chapter 7 of the Code. In support of his motion, the U.S. Trustee states the following:

### JURISDICTION

1. This is a core proceeding concerning the administration of this estate under 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

### BACKGROUND

2. The Debtor initiated this case on January 21, 2020, (the "Petition Date") by filing a voluntary petition for relief under Chapter 11 of the Code. The Debtor has remained in possession and control of his assets under §§ 1107 and 1108 as debtor-in-possession.

3. Consistent with §341 of the Code and Fed.R.Bankr.P. 2003, the U.S. Trustee scheduled a meeting of creditors (the "Initial §341 Meeting") for February 18, 2020. At the request

1

of the Debtor, the U.S. Trustee rescheduled the Initial §341 Meeting to March 3, 2020 (the "First Continued §341 Meeting").

4. On February 25, 2020, after seeking and obtaining an extension of the deadline to do so, the Debtor filed his schedules and statement of financial affairs, neither of which are accompanied by the required handwritten signature.

5. According to the Debtor's Schedule A/B, he owned interests in three parcels of real property, located at 9650 S. Nottingham Ave. Chicago Ridge, IL, (the "Nottingham Property")[1], 5235 W. Lake St., Chicago, IL (the "Lake Street Property")[2] and 8141 W. 84th Place, Justice, IL (the "84th Place Property") as of the Petition Date. [*Docket #19, Schedule A/B*]. As far as his personal property, the Debtor listed a $100,000.00 cashier's check as his most significant item of personal property. [*Docket #19, Schedule A/B*].

6. According to his Schedule E/F, the Debtor owes no money to any unsecured priority creditors. [*Docket #19, Schedule E/F*]. That same schedule reflects a total of $23,212.50 the Debtor owes his general unsecured creditors. In his Schedule I, the Debtor reported that he was unemployed and was receiving no income from any source as of the Petition Date, but anticipated

---

[1] The Nottingham Property is the Debtor's residence. [*Docket #1, Voluntary Petition*].

[2] The nature of the Debtor's direct ownership interest, if any, in the Lake Street Property is unclear. In response to question 19 in his Schedule A/B, the Debtor says he owns a 50% interest in Platinum Property Holdings, Inc. ("Platinum Properties"). Platinum Properties was the debtor in its own Chapter 11 case, case number 20-1792, filed the same day the Debtor filed his individual case. According to Platinum Properties' Schedule A/B, it owned the Lake Street Property in "Fee simple"[*Case No. 20-01792, Docket #15, Schedule A/B* ]. On March 23, 2020, after modifying the automatic stay with respect to the Lake Street Property in Platinum Properties, this Court entered an order dismissing that case. [*Case No. 20-01792, Docket #35* ].

2

his income would increase because he expected "[T]he rents collected by the receiver will be turned over to him as a source of income." [*Docket #19, Schedule I*].

7. On March 2, 2020, 6PC Justice Lake LLC (the "Secured Lender") filed a motion asking the Court for relief from the automatic stay with respect to the Debtor's 84th Place Property. In its motion, the Secured Lender alleged that a receiver had been in possession of the 84th Place Property since December, 2018 and that the Debtor had filed this case the day before a foreclosure sale was set to take place in the state court. [*Docket #24*].

8. On March 3, 2010, the Debtor appeared and testified, under oath, at the First Continued §341 Meeting. In response to a question from the U.S. Trustee, however, the Debtor testified that he was unable to verify the accuracy of his bankruptcy schedules. The U.S. Trustee advised the Debtor he would have to continue the meeting to give the Debtor an opportunity to determine whether his schedules were accurate or not. Before adjourning the meeting, the U.S. Trustee asked the Debtor to provide proof of his social security number, a certificate of insurance demonstrating that all the property of the estate was adequately insured, a copy of his most recent tax return and copies of certain prepetition bank statements. The U.S Trustee also suggested the Debtor review his financial records to determine whether or not he was holding security deposits for any of the tenants currently living at his 84th Place Property and whether any former tenants owed him any rent, and if so, whether that information belonged in his schedules. Last, the U.S. Trustee noted that the Debtor had yet to file signed signature pages affirming his schedules and statement of financial affairs and suggested the Debtor file those as well[3].

---

[3] See Administrative Procedures for the Case Management/Electronic Case Filing System, as amended, effective December 2, 2015, Section II.C.I, Original Non-Attorney Signatures.

3

9. U.S. Trustee subsequently continued the First Continued §341 Meeting to April 7th, 2020 (the "Second Continued §341 Meeting"). On March 31, 2020, the U. S. Trustee sent Debtor's counsel an email message advising him the Second Continued §341 Meeting would be conducted telephonically and that there was no need for counsel or the Debtor to physically appear for the meeting. That same email message also contained a call-in telephone number and a password for callers to participate in the teleconference.

10. On March 30, 2020, the Court granted the Secured Lender's motion to modify the automatic stay with respect to the Debtor's 84th Place Property. Under the terms of the order modifying the automatic stay, the Secured Lender is no longer restrained from pursuing nonbankruptcy remedies with respect to that property. [*Docket #35*]. With the stay now modified, a foreseeable consequence is that the 84th Place Property will remain in the hands of the Secured Lender's receiver and eventually be sold at a rescheduled foreclosure sale.

11. On April 7, 2020, the U.S. Trustee convened the Second Continued §341 Meeting. Debtor's counsel called in and appeared; the Debtor, however, did not. Debtor's counsel advised the U.S. Trustee that the Debtor had not supplied him with a copy of his social security card, proof of insurance or any bank statements. Counsel also reported that while the Debtor had provided him copies of signed schedule signature pages earlier that day, Counsel had not had an opportunity to review the schedules themselves for accuracy with the Debtor. In sum, the Debtor has failed to produce any of the information or file any of the documents the U.S. Trustee requested at the March 3, 2020, First Continued 341 Meeting. After waiting for the Debtor for approximately twenty minutes, the U.S Trustee adjourned the meeting to a date to be determined.

## CAUSE EXISTS TO CONVERT OR DISMISS THE DEBTOR'S CASE

12. Section 1112(b) provides, in pertinent part,

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

*See* 11 U.S.C. §1112(b)(1). The facts of this case establish cause to convert or dismiss the Debtor's case.

13. As noted above, on March 30, 2020, the Court granted the Secured Lender's motion to modify the automatic stay with respect to the Debtor's 84th Place Property. [*Docket #35*]. Because the 84th Place Property will remain in the hands of the receiver and likely be sold at a foreclosure sale, the Debtor's expectation that the receiver will begin turning over tenant rent collections to him is unfounded. [*Docket # 19, Schedule I*]. Moreover, without those anticipated rent payments, the Debtor's income will remain at zero and he will be unable to pay his postpetition expenses as they become due. Further, the Debtor has not identified any source of future income which would enable him to pay those administrative expenses and fund a plan of reorganization. Inevitably, in cases where a Chapter 11 debtor receives no income, the bankruptcy estate will diminish and a reasonable likelihood of rehabilitation is absent. *In re Original IFPC Shareholders, Inc.,* 317 B.R. 738, 742 - 743 (Bankr. N.D. Ill. 2004)([C]ause exists to convert or dismiss a case where the debtor sells no goods or services and future income is speculative)(citations omitted). By virtue of his inability to pay his ongoing and accruing administrative expenses, the Debtor's estate is diminishing. And because the Debtor has no income with which to fund a plan, there is

no reasonable likelihood of rehabilitation in this case. Cause exists under §1112(b)(4)(A) of the Code.

14.  Also, as he does in every case, the U.S. Trustee asked the Debtor to provide proof that he has insurance in place adequate to protect property of the estate. The Debtor, however, has failed to provide any such proof to the U.S. Trustee. The Debtor's failure to do so raises a concern that the Debtor does not have adequate insurance in place. If the Debtor indeed has inadequate or no insurance, any uninsured liability would create an administrative expense and jeopardize any recovery for creditors in this case. Absent proof of insurance from the Debtor, cause exists to convert or dismiss this case under §1112(b)(4)(C) of the Code. *See In re Lorraine Hotel 2017, LLC*, 2018 WL 5288893, *1 (Bankr. N.D. Ohio October 22, 2018)([F]ailure to maintain appropriate insurance which poses a risk to the estate or the public is cause for conversion or dismissal).

15.  In addition, the Debtor has failed to timely file with the Court and transmit to the U.S. Trustee his initial monthly operating report in violation of §1107 of the Code and Fed.R.Bankr.P. 2015. The absence of any current postpetition financial information prevents the U.S. Trustee from being able to monitor the administration of this case as required by 28 U.S.C. §586. Likewise, creditors are left in the dark with respect to the Debtor's postpetition financial activities. The Debtor's unexcused failure to fulfill this reporting duty establishes cause for conversion or dismissal under §1112(b)(4)(F) of the Code. *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991).(Operating reports are much more than busy work; filing them is high on the list of a debtor in possession' fiduciary duties and the failure to file them is cause for dismissal)(citations omitted).

16. Cause also includes the failure to attend the meeting of creditors convened under §341(a) of the Code. See 11 U.S.C. §1112(b)(4)(G). *See also In re Butt,* 598 B.R. 724, 728 (Bankr. W.D. N.Y. 2019)(same). The Debtor's unexplained and unexcused failure to appear at the Second Continued § 341 Meeting on April 7, 2020 is additional cause to convert or dismiss this case.

17. Likewise, a debtor's failure to timely provide reasonably requested financial information to the U.S. Trustee is also cause for conversion or dismissal. See 11 U.S.C. §1112(b)(4)(H). The financial records the U. S. Trustee has asked the Debtor to provide are material to administering the estate in this case and the request for them is reasonable. By way of one example, the U.S. Trustee requested copies of certain prepetition statements from each the Debtor's bank accounts. Given that the Debtor is currently holding a $100,000.00 cashier's check, a review of the Debtor's prepetition bank statements could lead to the identification of other significant cash withdrawals or transfers from the Debtor's bank accounts. In the alternative, a review could very well confirm there were no such withdrawals or potentially voidable transfers. Either way, the U.S. Trustee's request for that financial information is reasonable and necessary for the administration of the estate. The Debtor's failure to comply with that request establishes cause under §1112(b)(4)(H) of the Code.

18. Also among a debtor's duties is the duty to file a schedule of assets and liabilities and a statement of financial affairs. See 11 U.S.C. §521(a)(1) of the Code. The failure to perform that duty can lead to conversion or dismissal of a debtor's case under §1112(e) of the Code. *See In re Anvil Holdings LP*, 595 B.R. 622, 629 (Bankr. W.D. N.Y. 2019)(Failure to comply with 11 U.S.C. §521(a)(1), *inter alia*, is cause for conversion or dismissal).

19. As noted above, the Debtor was unable to verify the accuracy of his schedules at the Initial Meeting of Creditors on March 3rd. As of the date of this motion, the Debtor has yet to file schedules bearing the required signature pages attesting to their accuracy. In one sense, then, the Debtor has not really filed the required schedules, at least not in a form upon which the parties can rely. Based on the Debtor's failure to fully satisfy his duty under §521(a)(1), cause for conversion or dismissal exists under §1112(e) of the Code.

## CONVERSION TO CHAPTER 7 IS IN THE BEST INTEREST OF CREDITORS AND THE ESTATE

20. The question of whether conversion or dismissal is in the best interests of creditors and the estate is a question committed to the discretion of the bankruptcy court. *In re Aurora Memory Care, LLC,* 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018)("*Aurora Memory*"). In answering that question, courts often weigh which course of action will lead to the largest number of creditors receiving the most amount of money in the shortest period of time. *Aurora Memory,* at 643. Courts also compare how creditors would fare trying to collect from the debtor in bankruptcy court as opposed to outside of bankruptcy. *Id.* In comparing those two scenarios, a key question is the availability of estate assets for a bankruptcy trustee to liquidate and use to pay creditors the money the debtor owes them. *Id.*

21. The Honorable Donald R. Cassling recently applied the standards set forth in *Aurora Memory* in determining whether conversion or dismissal of a Chapter 11 case was best for creditors and the estate in *In re Louis John Capra,* 2020 WL 465739 (Bankr. N.D. Ill. January 28, 2020)("*Capra*"). *Capra* involved a debtor who, among other things, filed a series of inaccurate schedules and whose estate included a meaningful amount of cash and valuable personal property (an unencumbered Ferrari valued at $100,000.00). At the outset of his careful analysis, Judge

8

Cassling noted that it was incumbent on him to take into consideration the interests of *all* (emphasis in original) the debtor's creditors and while all creditors might not be repaid in full, they would receive their fair share of the debtor's disposable assets in a Chapter 7 case. *Capra*, at *6. Judge Cassling also observed that a court should take into consideration a trustee's potential recoveries from preference and fraudulent transfer causes of action. *Id.* After considering those factors, and for other reasons, Judge Cassling concluded conversion was in the best interest of creditors and the estate. *Capra*, *7.

22. Like the *Capra* case, this case involves a debtor holding a substantial amount of cash - $100,000.00 in the form of a cashier's check. Along the same lines, the Debtor's schedules reflect a significant amount of equity in his Nottingham Property. The Debtor assigned that property a value of $70,000.00, encumbered by a $20,737.00 mortgage. Even after deducting the Debtor's claimed $15,000.00 homestead exemption, a meaningful amount of equity would be available for creditors following a sale of the Nottingham Property. [*See Docket #19, Schedules A/B, C and D*]. Where, like here, assets with equity are available for creditors, conversion, as opposed to dismissal, is the better choice. *Aurora Memory*, at 643 (citations omitted).

23. Further, as mentioned above, the Debtor has failed to respond to the U.S. Trustee's request for copies of his prepetition bank statements. The Debtor's failure to cooperate and produce copies of those bank records runs counter to the best interest of his creditors and the estate because without that information, the parties are unable to identify and analyze potentially voidable transfers the Debtor may have made. On the other hand, a Chapter 7 trustee would be able to investigate such transfers and perhaps recover significant funds on behalf of the estate. *Capra*, *7. Creditors would not need to race one another to seek repayment from the Debtor in the state court. Administering the Debtor's assets under Chapter 7 of the Code would ensure that all similarly

9

situated creditors are treated equally and in an orderly manner. In other words, creditors will fare better in bankruptcy court, rather than outside of it. *Aurora Memory,* at 643. This factor militates in favor of conversion.

24. Finally, a motion to dismiss the Debtor's case based on his failure to pay the required filing fee is currently pending before the Court and set for hearing on April 20th. [*See Docket #37*]. Under the circumstances of this case, and the fact that the hearing on the motion to dismiss is already scheduled, the U.S. Trustee suggests cause exists to shorten notice of this motion so it can be presented the same day the motion to dismiss comes before the Court. The U.S. Trustee has served the Debtor and all known creditors with 11 days' notice of this motion and, accordingly, asks that notion be shortened to that given under Fed.Rule.Bankr.P. 9006(c)(1).

25. Based on the foregoing, the U.S. Trustee believes that due cause exists to convert or dismiss this case under §§1112(b) and (e) of the Code. And while dismissal is an available remedy, the U.S. Trustee respectfully suggests that conversion to Chapter 7 is in the best interests of creditors and the estate.

**WHEREFORE**, the U.S. Trustee prays for an order shortening notice to that given, converting this case to Chapter 7 of the Code and for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: April 9, 2020

/s/ *Stephen G. Wolfe*
Stephen G. Wolfe, Attorney
Office of the U.S. Trustee
219 S. Dearborn St., Room 873
Chicago, Illinois 60604
(312) 886-7480

.