**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| In re the Chapter 7 of | ) |
| | ) |
| Piotr Palider | ) |
| | ) Case No. 20-01796 |
| | ) |
| Debtor. | ) |

## NOTICE OF MOTION

Take notice that on August 3, 2020 at 1:00 PM in Courtroom 744 of the Dirksen Federal Building located at 219 South Dearborn St., Chicago, IL 60604 before the Honorable Judge Barnes, I shall present the Debtor's **Application to Employ Ben Schneider and Matthew Stone as General Bankruptcy Counsel for the Debtor in Possession**.

This motion will be presented and heard telephonically. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance of a hearing.

/s/Ben Schneider

## PROOF OF SERVICE

I, Ben Schneider, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on July 23, 2020.

/s/ Ben Schneider
Ben Schneider

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re the Chapter 7 of | ) |
| | ) |
| Piotr Palider | ) |
| | ) Case No. 20-01796 |
| | ) |
| Debtor. | ) |

## APPLICATION TO EMPLOY BEN SCHNEIDER AND MATTHEW STONE AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTOR IN POSSESSION

Now comes the proposed Counsel for the Debtor in Possession, Ben Schneider, (the "Attorney"), for his **Application to Employ Ben Schneider and Matthew Stone as General Bankruptcy Counsel for the Debtor in Possession.** In support, he states as follows.

1. The Debtor filed a bankruptcy case seeking relief under Chapter 11 on January 21, 2020.

2. Before filing the Chapter 11 case, the Debtor paid an advance fee retainer to the Attorney in the amount of $3,283 which did not include the filing fee. The Debtor paid no additional funds to the Attorney after the case was filed.

3. The Debtor in Possession sought to have an effective reorganization under Chapter 11 but unfortunately that case was converted to Chapter 7 on June 8, 2020.

4. Prior to the conversion date, the Court had not entered an order approving the employment of the Attorney as representative of the estate.

5. Pursuant to 11 U.S.C. 327(a), the Attorney now seeks to have the Court enter an order approving the employment of the Attorney for the period of January 21, 2020 until the conversion date of June 8, 2020.

6. The Debtor in Possession's retention of the Attorney was reasonably necessary for an effective reorganization for the following reasons:

    a. The Debtor in Possession has a large amount of debt that he is unable to manage without the assistance of the Attorney.

    b. The Debtor in Possession and the Attorney had spoken at length about specific strategies to reorganize under Chapter 11, and the Attorney was the most familiar with the approved strategies and the Debtor in Possession's situation.

    c. The Debtor in Possession was unable to formulate a working Chapter 11 Plan without the assistance of the Attorney.

7. The Attorney will charge $375 per hour for services rendered to the Debtor in Possession, Paralegal time will be billed out at $175 per hour.

8. The Debtor in Possession and the Attorney signed a proposed retainer agreement indicating all of the terms and conditions of the Attorney's proposed representation. (See attached Proposed Retainer Agreement).

9. At the time of the Chapter 11 case, the Attorney was a disinterested person because he:

    a. Is not a pre-petition creditor, equity security holder, or insider with respect to the Debtor in Possession;

    b. Was not within 2 years before the date of the filing of the petition a director, officer, or employee of the Debtor in Possession; and

    c. Does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor in Possession, or for any other reason.

10. The Attorney holds no adverse interest to the Debtor in Possession.

WHEREFORE, the Attorney, Ben Schneider, ask this Court to grant the Debtor in Possession's Proposed Counsel's **Application to Employ Ben Schneider and Matthew Stone as General Bankruptcy Counsel for the Debtor in Possession** and for any other relief that it deems just and proper.

Respectfully Submitted
By

/s/Ben Schneider
One of the Proposed Attorneys for the Debtor

Schneider & Stone
8424 Skokie Blvd.
Suite 200
Skokie, IL 60077
ARDC # 6295667

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re the Chapter 7 of | ) |
| | ) |
| Piotr Palider | ) |
| | ) Case No. 20-01796 |
| | ) |
| Debtor. | ) |

## AFFIDAVIT OF DISINTERESTED PERSON

Ben Schneider, being duly sworn upon his oath, deposes and states

1. I am an Attorney employed with The Law Offices of Schneider & Stone.

2. Before filing the Chapter 11 case, I had no prior connections with the Debtor in Possession. Prior to this case being filed, my firms was paid an initial retainer of $3,283 which did not include the filing fee and was disclosed on Form 2030 of the filed petition.

3. I have no connections with the creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

4. I, and Schneider & Stone, represent no interest adverse to the Debtor in Possession, or the estate in the matters upon which I, and Schneider & Stone, are to be engaged.

5. I, and Schneider & Stone, are "disinterested persons" as defined in 11 U.S.C. Section 101(14).


/s Ben Schneider
   Ben Schneider




Ben Schneider
8424 Skokie Blvd.
Suite 200
Skokie, IL 60077
Office: 847-933-0300
Fax: 847-676-2676
ARDC #6295667

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re the Chapter 7 of | ) |
| | ) |
| Piotr Palider | ) |
| | ) Case No. 20-01796 |
| | ) |
| Debtor. | ) |

## AFFIDAVIT OF DISINTERESTED PERSON

Matthew Stone, being duly sworn upon his oath, deposes and states

1. I am an Attorney employed with The Law Offices of Schneider & Stone.

2. Before filing the Chapter 11 case, I had no prior connections with the Debtor in Possession. Prior to this case being filed, my firm was paid an initial retainer of $3,283 which did not include the filing fee and was disclosed on Form 2030 of the filed petition.

3. I have no connections with the creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

4. I, and Schneider & Stone, represent no interest adverse to the Debtor in Possession, or the estate in the matters upon which I, and Schneider & Stone, are to be engaged.

5. I, and Schneider & Stone, are "disinterested persons" as defined in 11 U.S.C. Section 101(14).


/s Matthew Stone
   Matthew Stone




Ben Schneider
8424 Skokie Blvd.
Suite 200
Skokie, IL 60077
Office: 847-933-0300
Fax: 847-676-2676
ARDC #6295667