UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| PIOTR PALIDER, | ) | CASE NO. 20-01796 |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **Monday, September 21, 2020**, at 1:30 pm., I will appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, and present the **United States Trustee's Certified Motion for Order Requiring Piotr Palider to Show Cause Why He Should Not Be Held in Contempt** a copy of which is attached and is served on you.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ *Stephen G. Wolfe*
Stephen G. Wolfe, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-7480

**CERTIFICATE OF SERVICE**

I, Stephen G. Wolfe, an attorney, certify under penalty of perjury that I caused a copy of this notice, attached motion and proposed order to be serviced on each entity shown on the attached service list at the address shown and by the method indicated on September 9, 2020, before 5:00 p.m.

/s/ *Stephen G. Wolfe*

**SERVICE LIST**

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- Michael K Desmond    mkd.trustee@fslegal.com, IL23@ecfcbis.com
- Joseph C Faulkner    jcf@ashenlaw.com, bgipson@ashenlaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Carole G. Ruzich    carole@griffingallagher.com
- Ben L Schneider    ben@windycitylawgroup.com, mstone@windycitylawgroup.com;ebrandes@windycitylawgroup.com

**Parties Served via First Class Mail:**
*See Attached Exhibit - Declaration of Mailing/Certificate of Service*
Piotr Palider
9650 S. Nottingham Avenue
Chicago Ridge, IL 60415

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| PIOTR PALIDER, | ) | CASE NO. 20-01796 |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

**UNITED STATES TRUSTEE'S CERTIFIED MOTION FOR
ORDER REQUIRING PIOTR PALIDER TO SHOW CAUSE WHY
HE SHOULD NOT BE HELD IN CONTEMPT**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Stephen G. Wolfe, and pursuant to Fed. R. Bankr. P. 9020 and Local Rule 9020-1, requests entry of an order requiring Piotr Palider to show cause why he should not be held in civil contempt for failing to comply with this Court's order dated June 8, 2020. In support of his request, the U.S. Trustee states as follows:

**JURISDICTION**

1. The Court has jurisdiction to hear and determine this proceeding under 28 U.S.C. §157(b)(1) and §§157(b)(2)(A) and (E), and under IOP 15(A) and LR 40.3.1(a) of the United States District Court for the Northern District of Illinois. Moreover, the Court has the constitutional authority to adjudicate this matter. *In re Direct Media Power, Inc.,* 582 B.R. 739, 751 (Bankr. N.D. Ill. 2018)**.**

**BACKGROUND**

2. Piotr Palider ("Mr. Palider" or the "Debtor") initiated this case on January 21, 2020, (the "Petition Date") by filing a voluntary petition for relief under Chapter 11 of the Code. Mr. Palider remained, for a time, in possession and control of his assets under §§ 1107 and 1108 of the Code as debtor-in-possession. In his role as debtor in-possession and as provided in §1107(a) of

3

the Code, Mr. Palider had, with some exceptions, the rights, powers and duties of a trustee serving in a Chapter 11 case. At all times during this case, Mr. Palider has been responsible for the duties of a debtor as set forth in §521 of the Code.

3.      On February 25, 2020, Mr. Palider filed his schedules. (*Exhibit A*). According to his Schedule A/B, question 17, Mr. Palider owned, among other property, a $100,000.00 cashier's check (the "Cashier's Check") on the Petition Date. Because the Debtor owned the Cashier's Check upon commencement of this case, the Cashier's Check became property of the bankruptcy estate under §541(a)(1) of the Code. The Debtor did not claim the Cashier's Check, or any portion of it as property exempt from the bankruptcy estate. (*Exhibit A, Schedule C*).

4.      On March 3, 2020, the U.S. Trustee convened the first meetings of creditors in the Palider case. Mr. Palider appeared and testified under oath.[1] But because Mr. Palider was unable to confirm the accuracy of his schedules, the U.S. Trustee continued the meeting of creditors in the Palider Case to April 7, 2020. After Mr. Palider failed to appear at the continued meeting on April 7, 2020, the U.S. Trustee continued the meeting to May 19, 2020. Mr. Palider, however, again failed to appear.

5.      On April 9, 2020, the U.S. Trustee filed a Motion to Convert Chapter 11 Case to Chapter 7. (the "UST Motion"). In his motion, the U.S. Trustee argued that cause existed to convert the Palider Case to Chapter 7 based on diminution of the bankruptcy estate and Mr. Palider's consequent inability to reorganize, the apparent lack of adequate insurance covering losses to the estate, Mr. Palider's failure to file required reports, his failure to appear at the continued meetings of creditors and his failure to provide reasonably requested financial information, along with his failure to file properly sworn schedules. [*Docket #38*].

---

[1] Attorney Ben Schneider, who filed Mr. Palider's Petition on his behalf, appeared at that meeting with Mr. Palider. On August 17, 2020, the Court granted Mr. Schneider's Motion to Withdraw as Attorney. [*Docket #69*].

6. On June 8, 2020, the Court granted the UST Motion and entered an order on the docket converting the case to Chapter 7 the following day (the "Conversion Order"). (*Exhibit B, Docket #48*). The Conversion provided, in part:

2. The Debtor shall:

a. On or before June 22, 2020 account for and turn over to the Chapter 7 Trustee all records and property of the estate in his custody or under his control including, but not limited to, all cashier's checks, money orders, cash and other forms of money, all as required by Fed. R. Bankr. P. 1019(4);

b. On or before June 22, 2020 file a schedule of all unpaid debts incurred after the commencement of the Chapter 11 case (including the names and addresses of all creditors) as required by Fed. R. Bankr. P. 1019(5);

c. On or before July 8, 2020 file a final report and account as required by Fed. R. Bankr. P. 1019(5); and

d. Within 14 days after the entry of this order, file the statements and schedules required by Fed. R. Bankr. P. 1019(1) and 1107(b), if such documents have not already been filed.

3. This matter is set for a status hearing on July 27, 2020 at 1:30 p.m. At the hearing, the Court will determine whether the Debtor has complied with this order and, if not, consider any requests for further relief or sanctions against the Debtor as may be required to secure compliance with this order.

7. Following entry of the Conversion Order, the U.S. Trustee appointed Michael K. Desmond trustee (the "Chapter 7 Trustee") [*Docket #50*], and the Clerk scheduled the Chapter 7 meeting of creditors for August 12, 2020.[2] [*Docket #54*]. The Clerk caused a copy of the Notice of Chapter 7 Bankruptcy Case, including the date for the meeting of creditors, to be served on the Debtor. [*Docket #53*].

8. On June 10, 2020, the U.S. Trustee caused a copy of the Conversion Order to be served on the Debtor using BK Attorney Services, LLC. (*Exhibit C*).

9. On August 21, 2020, four days after the Court approved Mr. Schneider's withdrawal from the case, the U.S. Trustee mailed the Debtor a letter advising him of the events that took place during a status hearing on August 17, 2020 before the Court. The U.S. Trustee included an additional copy of the Conversion Order with his letter to Mr. Palider. (*Exhibit D*).

---

[2] The Debtor did not appear for the August 12, 2020 Chapter 7 §341 Meeting. The Chapter 7 Trustee continued the meeting to September 16, 2020.

More recently, on September 3, 2020, the Chapter 7 Trustee sent the Debtor a letter advising him of his appointment in the Debtor's converted case and demanding turnover of the Cashier's Check. (*Exhibit E*).

10. As of the date of this motion, the Debtor has failed to comply with the Conversion Order.

## ARGUMENT

11. The U.S. Trustee requests entry of an order requiring the Debtor to show cause why he should not be held in civil contempt for violating the Conversion Order.

12. Rule 9020-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois provides the procedure for initiating civil contempt proceedings. *See* LR 9020-1. Section 105 of the Bankruptcy Code codifies the contempt power of the bankruptcy court and states as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a); *see also In re Schatz*, 122 B.R. 327, 328 (N.D. Ill. 1990) ("11 U.S.C. § 105 is a statutory grant of civil contempt power to the bankruptcy courts").

13. A court's civil contempt power rests in its inherent limited authority to ensure that judicial proceedings are conducted in an orderly manner. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999). The purpose of a civil contempt proceeding is remedial, "with its purpose being either enforcement of a prior court order or compensation for losses or damages sustained as a result of noncompliance with the provisions of the order at issue." *Commodity Futures Trading*

6

*Comm'n v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981) (citation omitted). A court has considerable latitude in how it goes about enforcing its own decrees in a contempt proceeding. *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, 91 F.3d 914, 920 (7th Cir. 1996) (citation omitted).

14.    "In order to prevail on a contempt petition, the complaining party must demonstrate by clear and convincing evidence that the respondent has violated the express and unequivocal command of a court order." *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993). Violation of the court order does not have to be "willful" to find a party in contempt. *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989). Rather, it must be found that the offending party knowingly violated a specific court order. *In re Johnson*, 148 B.R. 532, 538 (Bankr. N.D. Ill. 1992). A party may be found in contempt if he has not been "'reasonably diligent and energetic in attempting to accomplish what was ordered.'" S*totler*, 870 F.2d at 1163 (quoting *Am. Fletcher Mortgage Co. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982)).

15.    As an initial matter, the Court's Conversion Order is an express and unequivocal command for the Debtor to perform certain acts. Beginning with the words "The Debtor shall", the Conversion Order directs the Debtor to turn over all property of the estate to the Chapter 7 Trustee and specifically identifies "all cashier's checks, money orders, cash and other forms of money" as being included in that property. (*Exhibit B, par. 2.a.*). In addition, the Conversion Order established a clear deadline - June 22, 2020 - by which the Debtor was to have complied with that command. (*Exhibit B, par. 2.a.*). The Conversion Order goes on to direct the Debtor to file certain schedules and reports and accounts, all by express and unequivocal dates. (*Exhibit B, par. 2.b., 2.c., and 2.d.*). Last, the Conversion Order advises the Debtor that he may be subject to sanctions for failing to comply with its terms. (*Exhibit B, par. 3*).

16.     In addition to the Conversion Order being clear and unequivocal, the Debtor has knowledge of it. A copy of the Conversion Order was served upon the Debtor, shortly after conversion of the case. (*Exhibit C*). The U.S. Trustee later sent the Debtor an additional copy of the order, along with a letter informing him of his obligation to comply with its terms and potential sanctions if he failed to do so. (*Exhibit D*). Likewise, the Chapter 7 Trustee sent the Debtor a [demand] letter, along with yet another copy of the Conversion Order. (*Exhibit E*). Last, the U.S. Trustee believes Mr. Schneider likely would have discussed the implications of the Conversion Order with the Debtor before withdrawing from the case. Given those multiple communications, the Debtor cannot argue that he is unaware of the requirements and potential sanctions set forth in the Conversion Order.

17.     As noted above, the Debtor has failed to comply with the Conversion Order. He has not turned over any property of the estate, such as the Cashier's Check, to the Chapter 7 Trustee. Nor has the Debtor filed any of the schedules and reports as ordered or contacted the U.S. Trustee or the Chapter 7 Trustee concerning his case. In other words, the Debtor has not been "reasonably diligent and energetic in attempting to accomplish" what this Court ordered. *In re Direct Media Power, Inc*., 582 B.R. 739, 751-752, (citing S*totler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (quoting *Am. Fletcher Mortgage Co. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982)). Further, violation of an order need not be 'willful' to constitute contempt; a 'knowing' violation is the standard. *Id*., at 752. Based on the Debtor's knowing failure to comply with the Conversion Order, the U.S. Trustee believes sanctions are now required to secure his compliance, a consequence contemplated by the Conversion Order. (*Exhibit B, par. 3*).

18.     Accordingly, the U.S. Trustee requests that this Court enter an order requiring the Debtor to show cause why he should not be held in civil contempt.

19. In accordance with 28 U.S.C. § 1746, the undersigned hereby certifies under penalty of perjury that the foregoing is true and correct.

WHEREFORE, the U.S. Trustee asks the Court for entry of an order requiring Piotr Palider to show cause why he should not be held in civil contempt, and for such further relief as is just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: September 9, 2020        By: /s/ *Stephen G. Wolfe*
                                Stephen G. Wolfe, Attorney
                                OFFICE OF THE U.S. TRUSTEE
                                219 South Dearborn Street, Room 873
                                Chicago, Illinois 60604
                                (312) 886-7480