**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 20-01796 |
| | ) | |
| Piotr Palider, | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | **Hearing Date:   March 22,  2023** |
| | ) | **Hearing Time:  9:30 a.m.** |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR ALLOWANCE AND**
**PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
**FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL**

**(Local Rule 5082-1(A))**

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of Piotr Palider Debtor |
| Date of Order Authorizing Employment: | March 1, 2021 retroactive to June 9, 2020 [Dkt. No. 152 ] |
| Period of Which Compensation is Sought: | June 1, 2020 through February 3, 2023 (allowance and payment) |
| Amount of Fees Sought: | $10,752.50 |
| Amount of Expenses Sought: | $0.00 |

This is a(n):   Interim Application: ___     Final Application: __X__

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| None | | | | |

Dated: February 21, 2023                    Respectfully submitted,

                                            **FIGLIULO & SILVERMAN, P.C.**

                                            By: _/s/ Michael K. Desmond_

Michael K. Desmond (#6208809)
Justin M. Herzog (#6324047)
SMITH, GAMBRELL & RUSSELL, LLP
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 264-1007
Fax: (312) 264-2627
mdesmond@sgrlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 20-01796 |
| | ) | |
| Piotr Palider, | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date:  March 22,  2023 |
| | ) | Hearing Time:  9:30 a.m. |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
FIGLIULO & SILVERMAN, P.C., AS TRUSTEE'S COUNSEL**

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"),

counsel to Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the

bankruptcy estate (the "Estate") of Piotr Palider (the "Debtor"), pursuant to Sections 330 and 331

of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy

Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order

allowing and paying its first and final application for an award of compensation and reimbursement

of expenses in the above-captioned case (the "Application").

In its Application, F&S requests allowance and payment of final compensation of

$10,752.50 for 29.1 hours of legal services rendered to the Trustee and for reimbursement of

expenses in the amount of $0.00 during the period June 1, 2020 through February 3, 2023 (the

"Application Period").  In support of its Application, F&S states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3.     The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## BACKGROUND

4.     On January 21, 2020, Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

5.      Subsequently, on June 9, 2020, on the motion of the United States Trustee this case was converted to a case under Chapter 7 of the Bankruptcy Code [*Dkt. No*. 48] and Michael K. Desmond was duly appointed as the Chapter 7 Trustee for Debtor's estate.

6.     On his bankruptcy schedules, the Debtor identified certain bank accounts in which he had deposits. These banks include Bridgeview Bank, First Midwest Bank and PNC Bank.  The Debtor also disclosed on his schedules that he was in possession of a cashier's check in the amount of $100,000.00.

7.     In this Court's order for conversion, the Debtor was ordered to turnover any property in his possession, including the cashier's check, by June 22, 2020. The Debtor has failed to comply with this Court's Order resulting in the issuance of a Rule to show cause why the Debtor should not be held in contempt.

8.     The Trustee's investigation into the Debtor's assets and finances revealed the existence of non-exempt funds and other property available for the benefit of creditors of the Estate, including, but not limited to, the Debtor's bank accounts which included the proceeds of a

cashier's check in the amount of $100,000.00, which was transferred from the Debtor's Bank account after the Trustee was appointed.

9.      Thereafter, the Trustee sought to retain F&S to assist him in recovering the funds for the estate.

## LEGAL SERVICES PERFORMED BY F&S

10.      On February 16, 2021, the Trustee filed a motion with this Court seeking to retain F&S as counsel to represent the Trustee in this bankruptcy case retroactive to June 9, 2020 ("the Conversion Date").    On March 1, 2021, the Court entered the *Order Granting Trustee's Application for Authority to Employ Counsel [Dkt. No.*152] on the terms and conditions set forth in the motion.    A true and correct copy of the Court's March 1, 2021, order is attached hereto as **Exhibit A**.

11.      As set forth in the Trustee's Application to Employ F&S, F&S is entitled to receive compensation on an hourly basis, which, as set forth in the application, are F&S's standard and customary hourly rates for work of this nature.    Additionally, as set forth in the application, F&S is entitled to recover all expenses incurred in connection with its representation of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges.

12.     Legal services performed by F&S consisted generally of advising the Trustee as to his duties and obligations under the Bankruptcy Code; advising the Trustee of the Estate's interest in the funds in the estate; performing all steps necessary to protect the Estate's interest in the assets; negotiating for the turnover of funds; seeking discovery pursuant to Rule 2004; obtaining court approval for turnover; and supporting the efforts of the U.S. Trustee to seek to hold the Debtor in contempt for failing to comply with Court Orders upon conversion.   By this Application, F&S seeks allowance and payment of final compensation of $10,752.50 for 29.1 hours of legal services rendered to the Trustee during the Application Period.

13.     In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

14.     Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

15.     Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks the allowance and payment of compensation of $10,752.50 for the legal services rendered to the Trustee during the Application Period.

## NARRATIVE SUMMARY
### *(LOCAL RULE 5082-1(B))*

20.     Local Rule 5082-1(B)(1)(a) – During the Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|------|-------|------|
| Employment of Professionals | 2.1 | $ 640.00 |
| Turnover Proceedings | 20.4 | $7,635.00 |
| Motion for 2004 Exam | 3.1 | $1,077.50 |
| Application for Compensation | 3.5 | $1,400.00 |
| Total | 29.1 | $10,752.50 |

21.     Local Rule 5082-1(B)(1)(b) – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

(a)  Employment of Professionals - The services under this task primarily consisted of preparing and presenting motions to employ Trustee's Bankruptcy Counsel.  In connection with these services, F&S expended 2.1 hours and incurred $640.00 in fees during the Application Period.

(b)  Turnover Proceedings - The services under this task consisted of representing the Trustee in his efforts to recover funds improperly transferred by the Debtor upon conversion of the case to Chapter 7.  In connection with these services, F&S expended 20.4 hours and incurred $7,635.00 in fees during the Application Period.

(c)  Motions For 2004 Exam.  The services under this task consisted of filing Motions to seek discovery from the Debtor, First Midwest Bank and PNC Bank to assist the Trustee in recovering estate funds.   In connection with these services, F&S expended 3.1 hours and incurred $1,077.50 in fees during the Application Period.

(d)  Application for Compensation – The services under this task consisted of preparation of this Final Fee Application in connection with the Trustee's Final Report in this case.  In connection with these services, F&S expended 3.5 hours and incurred $1,400.00 in fees during the Application Period.

22.     Local Rule 5082-1(B)(1)(c) – By this Application, F&S seeks compensation of $1,400.00 for 3.5 hours of legal services in connection with the preparation of this Application.

23.     Local Rule 5082-1(B)(1)(d) – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit C**.

24.    <u>Local Rule 5082-1(B)(1)(e)</u> – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

25.    <u>Local Rule 5082-1(B)(1)(f)</u> – This is the first and final Application filed by F&S for compensation and reimbursement of expenses.

26.    <u>Local Rule 5082-1(B)(1)(g)</u> – F&S seeks the reimbursement of actual, necessary out of pocket expenses totaling $00.0.  Invoices evidencing these expenses are attached hereto as **Exhibit E**.

27.    All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Trustee in this case and were specifically allocated to the Trustee's case. None of the expenses represents general overhead or other expenses unrelated to this case.

28.    <u>Local Rule 5082-1(B)(2)</u> – F&S seeks the allowance and payment of compensation of $10,752.50 for 29.1 hours of legal services rendered to the Trustee and reimbursement of expenses of $0.00 incurred in connection with those services during the Application Period.

**DETAILED STATEMENT OF SERVICES**
*(LOCAL RULE 5082-1(C))*

29.    The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the

person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

30.    The time detail attached as **Exhibit B** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

<u>**BASIS FOR RELIEF**</u>

31.    Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

32.    The compensation sought by F&S in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

33.    In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair and reasonable.

34.    F&S prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, F&S is also entitled to receive compensation for the preparation of this Application. *Pettibone*, 74 B.R. at 304.

35.     Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtors' bankruptcy estate.

36.     F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## NOTICE

37.     F&S has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including Debtors, Debtors' counsel, and the Office of the United States Trustee. Additionally, F&S has served a notice of hearing on this Application along with a Notice of Hearing on the Trustee's Final Report by first class U.S. mail on all creditors who have filed claims in this case, which identifies F&S as the applicant, states the amounts requested in the Application, and provides contact information for any party to request a copy of the Application free of charge.

WHEREFORE, Figliulo & Silverman, P.C. respectfully requests that this Court enter an order:

(a)     Granting the relief requested in this Application;

(b)     Granting F&S's request to limit notice as set forth above and finding that the Notice of the Hearing on this Application was sufficient;

(c)     Allowing F&S final compensation in the amount of $10,752.50 for the legal services to the Trustee between June 1, 2020 through February 3, 2023;

(d)     Allowing final reimbursement of expenses in the amount of $0.00;

(e)     Authorizing and directing the Trustee to pay to F&S $10,752.00 as compensation for the legal services rendered to the Trustee, and reimbursement of expenses in the amount of $0.00 between June 1, 2020 through February 3, 2023; and

(f)     Granting such other relief as this Court deems necessary or appropriate.

Dated:  February 21, 2023                    Respectfully submitted,

                                             **FIGLIULO & SILVERMAN, P.C.**

                                             By: _/s/ Michael K. Desmond_

Michael K. Desmond (#6208809)
Justin M. Herzog (#6324047)
SMITH, GAMBRELL & RUSSELL, LLP
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 264-1007
Fax: (312) 264-2627
mdesmond@sgrlaw.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  20-01796 |
| Piotr Palider | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Timothy Barnes |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

### Order Authorizing Employment of Trustee's Counsel

This matter coming to be heard on the motion (the "Motion") of Michael K. Desmond, not individually, but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Piotr Palider (the "Debtor"), for authority to employ Michael K. Desmond and other partners, associates, and paralegals of the law firm of Figliulo & Silverman, P.C., as counsel in connection with this Chapter 7 case; notice of the motion having been given to all parties entitled thereto; no objections having been filed; and the Court having been advised of the premises;

It is hereby ordered that:

1. The Trustee is hereby authorized to retain Michael K. Desmond and other partners, associates, and paralegals of the law firm of Figliulo & Silverman, P.C., as counsel in connection with this Chapter 7 case effective to June 9, 2020; and

2. Payment of compensation is subject to further order of this Court, upon separate application.

Enter:

Timothy A. Barnes
United States Bankruptcy Judge

Dated:  March 01, 2021

**Prepared by:**

Michael K. Desmond (IL #6208809)
Justin M. Herzog (IL # #6324047)
Figliulo & Silverman, P.C.
10 S. LaSalle St., #3600
Chicago, IL 60603

# EXHIBIT B

1820.93 Palider Piotr

## Turnover Proceedings

| Date | Attorney | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 9/21/2020 | Michael Desmond | 1.0 | $400.00 | $400.00 | Court appearance for hearing on turnover and Motion for Rule to Show cause re: Palider |
| 10/5/2020 | Michael Desmond | 2.0 | $400.00 | $800.00 | Conference with S. Wolfe re: Motion for Rule to Show Cause against Palider (.2); Court Appearance for Hearing re: Same (1.4); Reissue Turnover Demand; reissue turnover demand (.4). |
| 10/26/2020 | Michael Desmond | 1.20 | $400.00 | $480.00 | Court appearance for status hearing (1.0); Conference with S. Wolfe re: Same (.2). |
| 11/16/2020 | Michael Desmond | 1.00 | $400.00 | $400.00 | Court appearance for hearing on UST Motion for Contempt. |
| 11/17/2020 | Michael Desmond | 0.50 | $400.00 | $200.00 | Conference with S. Wolfe re: Palider; Send documents to Palider re: Turnover demand and document request; Review draft order. |
| 12/7/2020 | Michael Desmond | 1.00 | $400.00 | $400.00 | Court appearance for status hearing;, Motion for Rule to Show cause and Motion for 2004 exam. |
| 12/16/2020 | Justin M. Herzog | 0.50 | $275.00 | $137.50 | Draft turnover demand to First Midwest |
| 12/16/2020 | Michael Desmond | 1.00 | $400.00 | $400.00 | Review documents and bank statements produced by the Debtor. |
| 12/22/2020 | Michael Desmond | 1.00 | $400.00 | $400.00 | Review documents from Debtor; Conference call with B. Factor; Draft letter to First Midwest Bank. |
| 12/22/2020 | Michael Desmond | 0.50 | $400.00 | $200.00 | Draft document request to Ben Schneider. |
| 12/29/2020 | Michael Desmond | 0.70 | $400.00 | $280.00 | Review additional bank statements form Debtor (.5); Phone conference with B. Factor.  (.2) |
| 1/4/2021 | Michael Desmond | 1.00 | $400.00 | $400.00 | Court appearance for hearing on Motion for Rule to Show Cause and status hearing. |

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 1/18/2021 | Michael Desmond | 0.80 | $400.00 | $320.00 | Review Amended Schedules and Bank Statements produced by Debtor (.4); Conference with S. Wolfe (.2); correpondence with B. Factor (.2). |
| 2/1/2021 | Michael Desmond | 1.50 | $400.00 | $600.00 | Conference call with S. Wolfe re: Amended Schedules and status hearing (.3); Conference with Bill Factor and J. Storer re: Same (.3); Court Appearance re: Status hearing (.5); Conference call with S. Wolfe and B. Factor re: Same. (.4) |
| 3/1/2021 | Michael Desmond | 1.00 | $400.00 | $400.00 | Court appearance for status hearing and UST Motion for Contempt. |
| 6/14/2021 | Michael Desmond | 0.50 | $400.00 | $200.00 | Conference with J. Storer re: Release of funds; Review file re: Bank accounts. |
| 6/14/2021 | Justin M. Herzog | 0.80 | $275.00 | $220.00 | Communicate with First Midwest re: freeze on accounts (.3; review correspondence re: same (.3); confer with MKD re: same (.2) |
| 6/18/2021 | Justin M. Herzog | 0.60 | $275.00 | $165.00 | Communicate with First Midwest re: freeze on accounts (.4); confer with MKD re: same (.2) |
| 6/23/2021 | Justin M. Herzog | 1.80 | $275.00 | $495.00 | Call with First Midwest (.2); communicate re: same (.3); call with Palider's counsel (.1) draft and revise agreed order (1.0); call with MKD re: same (.2) |
| 6/24/2021 | Michael Desmond | 1.00 | $400.00 | $400.00 | Draft and revise Agreed order re: Turnover of Funds (.7); Review and revise Motion re: Same. (.3); Correspondence with J. Storer. |
| 6/28/2021 | Michael Desmond | 0.50 | $400.00 | $200.00 | Court appearance for hearing on Motion for Entry of Agreed Order. |
| 6/29/2021 | Justin M. Herzog | 0.50 | $275.00 | $137.50 | Communicate with First Midwest re: release of funds (.4); communicate with J. Storer re: same |
| **Sub Total** | | **20.4** | | **$ 7,635.00** | |

Slip Listing

**Motion for 2004 Exam**

| | | | | | |
|---|---|---|---|---|---|
| 10/22/2020 | Michael Desmond | 0.30 | $400.00 | $120.00 | Conference with J. Herzog re: Motion for 2004 Exam and Draft Adversary for Turnover. |
| 10/26/2020 | Justin M. Herzog | 1.30 | $275.00 | $357.50 | Draft Motion for Rule 2004 Exam |
| 12/1/2020 | Michael Desmond | 1.50 | $400.00 | $600.00 | Draft Motion for 2004 Exam re: First Midwest Bank and PNC; Draft notice and Proposed Order. |

| | | | | |
|---|---|---|---|---|
| **Sub Total** | **3.1** | | **$1,077.50** | |

**Employment of Professionals**

| | | | | | |
|---|---|---|---|---|---|
| 2/5/2021 | Justin M. Herzog | 1.00 | $275.00 | $275.00 | Draft Application to Employ F&S |
| 2/16/2021 | Michael Desmond | 0.50 | $400.00 | $200.00 | Draft and revise Motion to Employ F&S re: Palider. |
| 2/16/2021 | Justin M. Herzog | 0.60 | $275.00 | $165.00 | Edit Application to Employ (.3); file same (.3) |

| | | | | |
|---|---|---|---|---|
| **Sub Total** | **2.1** | | **$640.00** | |

**Application for Compensation**

| | | | | | |
|---|---|---|---|---|---|
| 11/10.2022 | Michael K. Desmond | 1.0 | $400.00 | $400.00 | Review and edit time detail for preparation of F&S Fee Application. |
| 11/11/2022 | Michael K. Desmond | 1.0 | $400.00 | $400.00 | Draft Final Fee Application. |
| 2/2/2023 | Michael K. Desmond | 1.0 | $400.00 | $400.00 | Draft and Revise Final Fee Application. |
| 2/3/2023 | Michael K. Desmond | 0.5 | $400.00 | $200.00 | Draft and Revise Final Fee Application and Prepare Exhibits for filing. |

| | | | | |
|---|---|---|---|---|
| **Sub Total** | **3.5** | | **$1,400.00** | |

| | | | | |
|---|---|---|---|---|
| **Grand Total** | **29.1** | | **$10,752.50** | |

EXHIBIT C

**Summary of Time by Activity**

**Exhibit C**

<u>**Employment of Professionals**</u>

| | | | |
|---|---|---|---|
| Michael K. Desmond | 0.5 | $400.00 | $200.00 |
| Justin M. Herzog | 1.6 | $275.00 | $440.00 |
| Total | 2.1 | | $   640.00 |

<u>**Turnover Proceedings**</u>

| | | | |
|---|---|---|---|
| Michael K. Desmond | 16.2 | $400.00 | $6,480.00 |
| Justin M. Herzog | 4.2 | $275.00 | $1,155.00 |
| Total | 20.4 | | $   7,635.00 |

**Motion for 2004 Exam**

| | | | |
|---|---|---|---|
| Michael K. Desmond | 1.8 | $400.00 | $720.00 |
| Justin Herzog | 1.3 | $275.00 | $357.50 |
| Total | 3.1 | | $   1,077.50 |

<u>**Application for Compesation**</u>

| | | | |
|---|---|---|---|
| Michael K. Desmond | 3.5 | $400.00 | $1,400.00 |
| Justin M. Herzog | 0.0 | $250.00 | $0.00 |
| Lindsey L. Purdy | 0.0 | $250.00 | $0.00 |
| Total | 3.5 | | $   1,400.00 |
| Grand Total | 29.1 | | $  10,752.50 |

# EXHIBIT D

Gatson

**Exhibit D**

**Summary of Time**

| Attorney | Title | Hours | Rate | Value |
|---|---|---|---|---|
| Michael K. Desmond | Shareholder | 22.0 | $400.00 | $ 8,800.00 |
| Justin Herzog | Associate | 7.1 | $275.00 | $ 1,952.50 |
| Ricki Podorovsky | Paralegal | 0.0 | $95.00 | $ - |
| | | 29.1 | | $ 10,752.50 |