IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 20-01796 |
| | ) | |
| Piotr Palider, | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date:  May 3, 2023 |
| | ) | Hearing Time:  9:30 a.m. |

**REPLY TO DEBTOR'S OBJECTION TO THE
FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
<u>FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL</u>**

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Piotr Palider (the "Debtor"), file this response to the Objection of the Debtor to the F&S First and Final Application for Compensation and Reimbursement of expenses in the above-captioned case (the "Application").  In support thereof F&S states as follows:

<u>BACKGROUND</u>

The Debtor has filed an Objection to First and Final Application of F&S for Compensation and Reimbursement of Expenses as Trustee's Counsel. This is a case where the administration by the Trustee was anything but straightforward due to the misconduct of the Debtor.

The irony that this Debtor did everything in his power to interfere with the Trustee's administration of the Bankruptcy Estate, and now complains that about the costs and delays should not be lost on this Court. This is the Debtor who failed to pay his Chapter 11 filing fee; concealed the whereabouts of a $100,000.00 cashier's check during the Chapter 11 case; filed false schedules;

1

wrongfully and intentionally transferred $100,000.00 from a bank account belonging to the Estate after the Chapter 7 Trustee was appointed; refused to return the money; failed to comply with this Court's Orders resulting in contempt proceedings; failed to attend multiple section 341 meetings as ordered by the Court; refused to cooperate with the Trustee; failed to produce bank statements and tax returns to the Trustee; and perpetrated a fraud upon this Court by causing an imposter to appear on his behalf and pretend to be the Debtor in a telephonic hearing. Not to mention the fact that the Debtor delayed resolution of the case by his own failure to cooperate with one of his secured creditors resulting in their refusal to withdraw a significant claim in the case. Unfortunately, these are not the only misdeeds by the Debtor.

It is the Debtor's <u>own conduct</u> that has required that the Trustee and Trustee's counsel expend significant time locating assets belonging to the Estate and administering the Estate. Despite Debtor's current objections, all such time was reasonable and necessary pursuant to 11 U.S.C. § 330(a)(3) and (4) especially in light of the foregoing.

## **ARGUMENT**

The 17% reduction in fees requested in the Debtor's Objection is simply not warranted. Section 330(a)(3) details the factors the Court should consider in determining compensation of professionals, such as Trustee's counsel. While taking into account all relevant factors, the court shall consider:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

  (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

  (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

See 11 USC § 330(a)(3).

  Bankruptcy Rule 2016(a) and Local Rule 5082-1 further set out the standards for a professional compensation. Local Rule 5082-1 requires a detailed statement of services in which the applicant's detailed time records may constitute the detailed statement required by Rule 2016(a). Rule 5082-1 requires that "such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state:

  (1) the date the work was performed;

  (2) the name of the person performing the work;

  (3) a brief statement of the nature of the work;

  (4) the hourly billing rate of the person performing the work;

  (5) the time expended on the work in increments of tenth of an hour; and

  (6) the fee charged for the work described in the entry."

Local Rule 5082-1.

  Here, the Trustee and Trustee's counsel have complied with Section 330(a)(3) and Local Rule 5082-1. As set forth below, Debtor's objections to certain compensation should be denied in their entirety—or in the case of alleged lumping, Trustee's counsel should have the opportunity to amend those time entries. Debtor seeks to reduce Trustee's counsel's fees by 17% despite his own behavior which vastly complicated the Trustee's administration. As discussed below, all such work done by the Trustee and Trustee's counsel was more than reasonable and necessary for the

3

administration of the Estate. Additionally, the rates charged by F&S are more than reasonable and significantly below the current standard hourly rates charged by Mr. Desmond and Mr. Herzog.[1]

***Drafting Of Motions For 2004 Examinations Were Reasonable And Necessary.***

The Debtor complains of the fees requested for drafting motions for leave to conduct 2004 examinations. As set forth above, Debtor's own conduct required Trustee and his counsel to investigate the whereabouts of the assets that the Debtor had hidden, and acquire facts necessary to draft motions for a 2004 examination for the Debtor, and also to identify unknown financial institutions wherein the Debtor may have moved the assets. Based upon the circumstances, any reduction for drafting motions by either Mr. Herzog or Mr. Desmond is unwarranted, as the drafting of the 2004 motions were reasonable and necessary to recover assets of the Estate that were concealed by Debtor. Although the Debtor now complains of duplicative work, that is not the case. The first draft of the motion for 2004 was for examination of the Debtor. The second draft sought to allow subpoenas to be issued to three financial institutions identified by the Trustee, which occurred only after the Trustee invested significant Trustee time investigating the whereabouts of assets of the Estate. The Debtor also overlooks the fact that F&S was forced to spend time drafting an adversary complaint for turnover against the Debtor, for which it billed little or no time.

---

[1] Mr. Desmond's current standard hourly rate is $505 per hour and Mr. Herzog's standard hourly rate is $380. Here, the rates charged by Mr. Desmond and Mr. Herzog were $400 and $275, respectfully. No rate adjustment was requested.

4

***Drafting And Revision Of Agreed Order And Motion For Agreed Order Were Not Duplicative.***

The Debtor also complains of duplicative work related to drafting and revision of an agreed order relating to the turnover of Estate funds.[2] Inexplicably, Debtor states that such work was duplicative as Mr. Herzog drafted the agreed order (which required extensive communications with the financial institution, gathering of necessary communications, and confirmation of the agreement that was subject to the agreed order), and Mr. Desmond revised the agreed order and drafted the motion for entry of the proposed order regarding same. These tasks are simply not duplicative. Mr. Desmond spent relatively little time revising an associate's work, and drafted the accompanying motion (a task that was not done or documented by Mr. Herzog, as Debtor implies). Any reduction for work related to the drafting and revision of the Agreed Order and Motion for Entry of Agreed Order is not warranted as the work performed was reasonable and necessary to recover assets of the Estate and is adequately detailed as required by Local Rule 5082.

***Time Spent Drafting And Revising Application To Employ Was Reasonable And Necessary.***

Debtor also complains of time spent on drafting the application to employ Trustee's counsel. The time spent on drafting and revising the application, which requires an examination of the facts and circumstances of each case, was reasonable and necessary in this case. Debtor complains of the use of boilerplate language in the use of applications to employ, but fails to demonstrate why any such time is presumptively unreasonable— especially in light of the Debtor's conduct and the complexity of the web of deceit the Debtor himself was weaving. Debtor argues that the time spent was "excessive for a routine motion that can't see plausible dispute." (Resp. at

---

[2] Debtor now complains of the time spent on the motion for an agreed order, but by the Trustee agreeing to such an order, it likely saved the Estate, and in-turn Debtor, time and money in pursuing an adversary action to recover the funds that the Debtor himself had hidden and refused to turnover.

5

p.8). But as this Objection and Debtor's behavior demonstrate, nothing in this case was straightforward or without dispute because of Debtor's own actions. The fact that counsel for the Trustee may have used some boilerplate language in the application is not the standard by which compensation under 330(a) is measured. No reduction in the time spent in drafting and revising the Trustee's Application to Employ Counsel is warranted under the circumstances.

### *The Fee Application Was Prepared In A Reasonable Amount Of Time.*

Debtor contends that the delay in the filing of the Fee Application necessitates a reduction in the compensation to be awarded. Debtor's arguments fail for a variety of reasons and border on absurd as Debtor's own conduct significantly delayed the administration of the Estate.

First, the Debtor does not dispute the time spent on the preparation and filing of the Fee Application is reasonable. Bankruptcy courts have the inherent authority to set deadlines for filing fee applications, although a number of courts have done so, other courts have declined to because a deadline may depend on case-specific circumstances. *In re Conner*, 559 B.R. 526, 530 (Bankr. N.M., 2016). Here, the Court did not set any general or case specific deadline for filing a fee application, and the fee application was filed in connection with the Trustee's Final Report. F&S, as counsel for the Trustee, could have filed interim fee applications, which would have incurred additional costs to the Estate, but chose not to incur those costs. Despite Debtor's current protestations, the filing of the F&S fee application in connection with Trustee's Final Report was a more efficient route.

Second, the amount of time that lapsed between the filing of the Fee Application and events occurring in the case was not unreasonable. Although Debtor states there were delays from 2021 to 2022 and no substantive work was being performed by F&S, there were still hearings being conducted as late as May 9, 2022, wherein a hearing on the 3012 motion was held. (Resp. at p.

6

10). Debtor further asserts "F&S did nothing on this case in 2022 or 2023," however, such statement is without merit.[3] While F&S may not have billed time during that period, Debtor's case required administrative work, as is clear from the docket in which motions were being filed and hearings were being held in 2022. Additionally, F&S does not seek compensation for the time incurred for Trustee services.

Further, even if there was a delay in filing the Fee Application, there are reasonable excuses—beyond the multitude of reasons listed above—for such delay. The Trustee's administration included the preparation of a Final Report and required a preliminary review by his accountant to ensure there were not any tax implications in his administration. Further, the Trustee's Final Report required review by the United States Trustee prior to filing.

It is hypocritical for Debtor to now complain of lapses in time, when it was Debtor himself who continually delayed and hindered the Trustee's administration. The multitude of delays include, but are not limited to, the Debtor's failure to pay mortgage on secured property, failure to maintain insurance on that property, and the Debtor's delay of withdrawal of claim by a secured creditor. In this instance, the Debtor should be the last person complaining of delays.

For all of these reasons, the Fee Application was filed within a reasonable time and no reduction in fees or expenses is warranted pursuant to 11 U.S.C. 330(a)(3)(D), and the requested fees should be allowed.

***The Trustee's Fee Should Not Be Reduced.***

Although the Debtor's argument is undeveloped, the Debtor also suggests that the Court should examine and investigate, *sua sponte*, the Trustee's fees pursuant to 11 U.S.C. 105(a). (Resp.

---

[3] Debtor seeks to have it both ways, complaining of F&S billing and objecting to its fee application, yet seeks to use the lack of time entries as a sword to assert that F&S "did nothing," Debtor's position is untenable.

at p. 11 fn. 2). For all of the reasons discussed above, the Trustee's fees were reasonable and necessary. The Debtor lists no other reason that such the Court should reduce the statutory 326 compensation, other than the Trustee's timing on closing the Estate, which as discussed above was timely and any delays were attributable to Debtor's own conduct. "The percentage amounts listed in Section 326 are presumptively reasonable for Chapter 7 trustee awards." *See Mohns, Inc. v. Lanser*, 522 B.R. 594, 601 (E.D. Wis.), aff'd sub nom. *In re Wilson*, 796 F.3d 818 (7th Cir. 2015).

The Debtor through this Objection seeks to shift the blame for his own misdeeds upon the Trustee and Trustee's counsel. The Trustee was forced to conduct multiple 341 meetings regarding the Debtor and invested substantial investigative work in relation to the Debtor's misdeeds. This time is not compensable by Trustee's counsel, and the actual time spent by the Trustee vastly exceeds the Trustee's fees computed in this case. The Trustee will never be compensated for the additional time that is attributable to Debtor's non-cooperation and fraudulent conduct.

Further, although not addressed by Debtor, the Trustee could have pursued statutory fees based upon the full amount of the $100,000.00 cashier's check that Debtor repeatedly failed to turnover. The Debtor admits this amount was property of the estate. (Resp. at p.3). The Trustee would have been well within his rights to gross up the recovery and claim statutory compensation on amounts disbursed to Mr. Searcy, a creditor identified by the Debtor in his schedules, but did not do so in this case. Disbursements include "[p]ayments made on behalf of a debtor, whether made directly or indirectly," *Cranberry Growers Coop. v. Layng*, 930 F.3d 844, 853 (7th Circ., 2019). Any argument that the Trustee's section 326 statutory fees should be reduced are similarly without merit.

### *The Trustee Will Amend The Fee Application For Alleged Lumping.*

The Debtor alleges that the Trustee entered certain time in lumps, and therefore, such time should be reduced by 10% for a total amount of $80.00. To the extent the Court finds that these

entries are lumped, the Trustee is attaching Exhibit 1, which includes the amended time entries objected to by the Debtor. If a fee applicant made a good-faith effort to comply with particularization requirements of 11 USCS § 330, Bankruptcy Rule 2016, and applicable local rules, the court may allow a professional reasonable time to supplement an application with either more detailed description of questionable services, or with memorandum of points and authorities in support of application, respectively. *In re Busy Beaver Bldg. Ctrs.,* 19 F.3d 833, 25 Bankr. Ct. Dec. (LRP) 603, Bankr. L. Rep. (CCH) ¶ 75768, 30.

Wherefore, for all of the above reasons, the Trustee requests that Debtor's objection to F&S's compensation and any reduction in Trustee's fees be denied and grant such other relief as is just and proper.

Dated: April 26, 2023

Respectfully Submitted,

**MICHAEL K. DESMOND, not individually but as, Chapter 7 Trustee of the Estate of PIOTR PALIDER,**

By: */s/ Michael K. Desmond*
     One of His Attorneys

Michael K. Desmond (#6208809)
SMITH, GAMBRELL & RUSSELL, LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60603
(312) 264-1007
(312) 264-2627 (fax)
mdesmond@sgrlaw.com

# CERTIFICATE OF SERVICE

I, Michael K. Desmond, state that on April 26, 2023, I caused a true and correct copy of the foregoing:

**REPLY TO DEBTOR'S OBJECTION TO THE
FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL**

be mailed to the recipients indicated below, proper postage prepaid, from 311 S. Wacker Dr., Suite 3000, Chicago, IL  60603, or to be served electronically through the Clerk's CM/ECF system, as indicated.

s/ Michael K. Desmond

The following is the list of parties who are currently on the list to receive email notice/service for this case.

- **Michael K Desmond**    mkd.trustee@sgrlaw.com, IL23@ecfcbis.com
- **Michael K Desmond**    mdesmond@sgrlaw.com, kokeefe@fslegal.com
- **William J Factor**    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com;factorwr43923@notify.bestcase.com
- **Joseph C Faulkner**    jcf@ashenlaw.com, bgipson@ashenlaw.com
- **Justin M Herzog**    jherzog@sgrlaw.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Carole G. Ruzich**    carole@griffingallagher.com
- **Justin R. Storer**    jstorer@wfactorlaw.com, bharlow@wfactorlaw.com

**Manual Notice List**

Piotr Palider
9650 S. Nottingham, #2F
Chicago Ridge, IL 60415

# EXHIBIT 1

1820.93 Palider Piotr

**Turnover Proceedings**

| Date | Attorney | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 9/21/2020 | Michael Desmond | 1.0 | $400.00 | $400.00 | Court appearance for hearing on turnover and Motion for Rule to Show cause re: Palider |
| 10/5/2020 | Michael Desmond | 2.0 | $400.00 | $800.00 | Conference with S. Wolfe re: Motion for Rule to Show Cause against Palider (.2); Court Appearance for Hearing re: Same (1.4); Reissue Turnover Demand; reissue turnover demand (.4). |
| 10/26/2020 | Michael Desmond | 1.20 | $400.00 | $480.00 | Court appearance for status hearing (1.0); Conference with S. Wolfe re: Same (.2). |
| 11/16/2020 | Michael Desmond | 1.00 | $400.00 | $400.00 | Court appearance for hearing on UST Motion for Contempt. |
| 11/17/2020 | Michael Desmond | 0.50 | $400.00 | $200.00 | Conference with S. Wolfe re: Palider (.2); Send documents to Palider re: Turnover demand and document request (.2); Review draft order (.1). |
| 12/7/2020 | Michael Desmond | 1.00 | $400.00 | $400.00 | Court appearance for status hearing;, Motion for Rule to Show cause and Motion for 2004 exam. |
| 12/16/2020 | Justin M. Herzog | 0.50 | $275.00 | $137.50 | Draft turnover demand to First Midwest |
| 12/16/2020 | Michael Desmond | 1.00 | $400.00 | $400.00 | Review documents and bank statements produced by the Debtor. |
| 12/22/2020 | Michael Desmond | 1.00 | $400.00 | $400.00 | Review documents from Debtor (.4); Conference call with B. Factor (.2); Draft letter to First Midwest Bank (.4). |
| 12/22/2020 | Michael Desmond | 0.50 | $400.00 | $200.00 | Draft document request to Ben Schneider. |
| 12/29/2020 | Michael Desmond | 0.70 | $400.00 | $280.00 | Review additional bank statements form Debtor (.5); Phone conference with B. Factor. (.2) |
| 1/4/2021 | Michael Desmond | 1.00 | $400.00 | $400.00 | Court appearance for hearing on Motion for Rule to Show Cause and status hearing. |

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 1/18/2021 | Michael Desmond | 0.80 | $400.00 | $320.00 | Review Amended Schedules and Bank Statements produced by Debtor (.4); Conference with S. Wolfe (.2); correpondence with B. Factor (.2). |
| 2/1/2021 | Michael Desmond | 1.50 | $400.00 | $600.00 | Conference call with S. Wolfe re: Amended Schedules and status hearing (.3); Conference with Bill Factor and J. Storer re: Same (.3); Court Appearance re: Status hearing (.5); Conference call with S. Wolfe and B. Factor re: Same. (.4) |
| 3/1/2021 | Michael Desmond | 1.00 | $400.00 | $400.00 | Court appearance for status hearing and UST Motion for Contempt. |
| 6/14/2021 | Michael Desmond | 0.50 | $400.00 | $200.00 | Conference with J. Storer re: Release of funds; Review file re: Bank accounts. |
| 6/14/2021 | Justin M. Herzog | 0.80 | $275.00 | $220.00 | Communicate with First Midwest re: freeze on accounts (.3; review correspondence re: same (.3); confer with MKD re: same (.2) |
| 6/18/2021 | Justin M. Herzog | 0.60 | $275.00 | $165.00 | Communicate with First Midwest re: freeze on accounts (.4); confer with MKD re: same (.2) |
| 6/23/2021 | Justin M. Herzog | 1.80 | $275.00 | $495.00 | Call with First Midwest (.2); communicate re: same (.3); call with Palider's counsel (.1) draft and revise agreed order (1.0); call with MKD re: same (.2) |
| 6/24/2021 | Michael Desmond | 1.00 | $400.00 | $400.00 | Draft and revise Agreed order re: Turnover of Funds (.7); Review and revise Motion re: Same. (.3); Correspondence with J. Storer. |
| 6/28/2021 | Michael Desmond | 0.50 | $400.00 | $200.00 | Court appearance for hearing on Motion for Entry of Agreed Order. |
| 6/29/2021 | Justin M. Herzog | 0.50 | $275.00 | $137.50 | Communicate with First Midwest re: release of funds (.4); communicate with J. Storer re: same |
| **Sub Total** | | **20.4** | | **$ 7,635.00** | |

**Motion for 2004 Exam**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 10/22/2020 | Michael Desmond | 0.30 | $400.00 | $120.00 | Conference with J. Herzog re: Motion for 2004 Exam and Draft Adversary for Turnover. |
| 10/26/2020 | Justin M. Herzog | 1.30 | $275.00 | $357.50 | Draft Motion for Rule 2004 Exam |
| 12/1/2020 | Michael Desmond | 1.50 | $400.00 | $600.00 | Draft Motion for 2004 Exam re: First Midwest Bank and PNC (.9); Draft notice of Motion (.2) and Proposed Order (.3). |
| | **Sub Total** | **3.1** | | **$1,077.50** | |

**Employment of Professionals**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 2/5/2021 | Justin M. Herzog | 1.00 | $275.00 | $275.00 | Draft Application to Employ F&S |
| 2/16/2021 | Michael Desmond | 0.50 | $400.00 | $200.00 | Draft and revise Motion to Employ F&S re: Palider. |
| 2/16/2021 | Justin M. Herzog | 0.60 | $275.00 | $165.00 | Edit Application to Employ (.3); file same (.3) |
| | **Sub Total** | **2.1** | | **$640.00** | |

**Application for Compensation**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 11/10.2022 | Michael K. Desmond | 1.0 | $400.00 | $400.00 | Review and edit time detail for preparation of F&S Fee Application. |
| 11/11/2022 | Michael K. Desmond | 1.0 | $400.00 | $400.00 | Draft Final Fee Application. |
| 2/2/2023 | Michael K. Desmond | 1.0 | $400.00 | $400.00 | Draft and Revise Final Fee Application. |
| 2/3/2023 | Michael K. Desmond | 0.5 | $400.00 | $200.00 | Draft and Revise Final Fee Application and Prepare Exhibits for filing. |
| | **Sub Total** | **3.5** | | **$1,400.00** | |
| | **Grand Total** | **29.1** | | **$10,752.50** | |